| | |
|---|---|
| 1 | KAREN J. KUBIN (CA SBN 71560) |
| 2 | MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105-2482 |
| 3 | Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522 |
| 4 | E-mail: KKubin@mofo.com |
| 5 | SAMANTHA P. GOODMAN (CA SBN 197921)<br>MORRISON & FOERSTER LLP |
| 6 | 555 West Fifth Street, Suite 3500<br>Los Angeles, California 90013-1024 |
| 7 | Telephone: (213) 892-5200<br>Facsimile: (213) 892-5454 |
| 8 | E-mail: SGoodman@mofo.com |
| 9 | Attorneys for Defendants |
| 10 | BRINKER INTERNATIONAL, INC. and BRINKER<br>RESTAURANT CORPORATION |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| MARC SMITH; KEN WHELAN; individually and on behalf of members of the general public similarly situated, and as aggrieved employees pursuant to the Private Attorneys General Act ("PAGA"),<br><br>Plaintiffs,<br><br>v.<br><br>BRINKER INTERNATIONAL, INC., a Delaware corporation; BRINKER RESTAURANT CORPORATION, a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | | Case No. C 10-00213 JCS<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[FRCP 12(b)(6)]<br><br>Date: March 5, 2010<br>Time: 9:30 a.m.<br>Magistrate Judge: Hon. Joseph C. Spero<br>Courtroom: A |

TO PLAINTIFFS MARC SMITH AND KEN WHELAN AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Friday, March 5, 2010, at 9:30 a.m. or as soon thereafter as the matter may be heard, in Department A of the above-entitled Court, located at 450 Golden Gate Ave., San Francisco, CA 94102, defendants Brinker International, Inc. and Brinker Restaurant Corporation ("Defendants") will and hereby do move pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing the First Amended Complaint filed January 11, 2010 in the above-captioned action on the ground that it does not comply with Federal Rule of Civil Procedure 8(a)(2) under *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).

In support of their motion, Defendants rely upon this Notice of Motion and Motion, on the attached Memorandum of Points and Authorities, and on all the pleadings and papers on file herein.

Dated: January 27, 2010

KAREN J. KUBIN
SAMANTHA P. GOODMAN
MORRISON & FOERSTER LLP

By: /s/ Karen J. Kubin
Karen J. Kubin

Attorneys for Defendants
BRINKER INTERNATIONAL, INC. and BRINKER RESTAURANT CORPORATION

## I. INTRODUCTION

The cookie-cutter First Amended Complaint filed by Plaintiffs Marc Smith and Ken Whelan could easily – in a matter of minutes – be transformed into a putative wage and hour class action complaint by any exempt managerial employee employed in the state of California, simply by cutting-and-pasting the names of the parties, the jurisdictional averments (¶¶ 1-6), and the dates of the named plaintiff's employment (¶¶ 12-13). Indeed, the First Amended Complaint reads as though it is a standard form pleading, cursorily filed after filling in a handful of blanks and wholly devoid of any specific factual content. Not a single paragraph informs Defendants or this Court about why Plaintiffs Smith and Whelan were supposedly misclassified as exempt managerial employees. Not a single paragraph informs Defendants or this Court about the work that Plaintiffs Smith or Whelan performed during their employment. Indeed, the First Amended Complaint does absolutely nothing to tell Defendants or this Court anything about what Plaintiffs are actually averring, other than identifying the causes of action and their elements.

The Supreme Court, in its recent decision in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), denounces careless pleading such as Plaintiffs' First Amended Complaint, which merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949. "To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), *Iqbal* instructs, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* Plaintiffs have entirely failed to meet this standard. Defendants' motion should be granted.

## II. RELEVANT BACKGROUND

### A. Case Initiation and Removal to Federal Court.

Plaintiffs Marc Smith and Ken Whelan are former managers at Chili's Grill & Bar restaurants. *See* First Am. Compl., ¶¶ 12, 13. Plaintiffs filed their initial Complaint against Defendants Brinker International, Inc. and Brinker

Defendants' Notice of Motion and Motion to
Dismiss; Memorandum of Points and
Authorities in Support Thereof
la-1060400

2

Restaurant Corporation in Contra Costa Superior Court on December 8, 2009 and served Defendants on December 16, 2009. *See* Compl.; Defs.' Not. of Removal, ¶ 8.

The original Complaint purported to aver eight causes of action: (1) unpaid overtime (Cal. Lab. Code §§ 501, 1198); (2) meal period violations (Cal. Lab. Code §§ 226.7, 512(a)); (3) rest period violations (Cal. Lab. Code § 226.7); (4) failure to timely pay wages (Cal. Lab. Code § 204); (5) failure to pay wages at termination (Cal. Lab. Code §§ 201-203); (6) non-compliant wage statements (Cal. Lab. Code § 226(a)); (7) failure to keep proper payroll records (Cal. Lab. Code § 1174(d)); and (8) statutory unfair competition (Cal. Bus. & Prof. Code § 17200, *et seq.*). Plaintiffs purported to bring their lawsuit individually, on behalf of a proposed class of supposedly similarly situated individuals and as "aggrieved employees" pursuant to the Labor Code Private Attorneys General Act of 2004 (PAGA), Cal. Lab. Code § 2698, *et seq.* All of Plaintiffs' causes of action were premised on a single underlying theory – that they and other Chili's managers are misclassified as exempt from state overtime and related laws.

Plaintiffs filed a First Amended Complaint on or about January 11, 2010 and purported to serve Defendants by mail the same day. The First Amended Complaint makes only one minor modification to the original Complaint, amending paragraph 45 to state that Plaintiffs have not received a response to the written notice they claim to have sent to the California Labor and Workforce Development Agency on December 4, 2009, and that therefore, their PAGA claims are now ripe. *See* First Am. Compl., ¶ 45.

On January 15, 2010, Defendants removed the action to this court on the basis of diversity jurisdiction. This motion to dismiss follows.

Defendants' Notice of Motion and Motion to
Dismiss; Memorandum of Points and
Authorities in Support Thereof
la-1060400

3

### B. The First Amended Complaint Is Wholly Devoid of Factual Averments.

The First Amended Complaint is glaring for its utter failure to make any specific factual averments. Indeed, the only arguably "factual" averments in the First Amended Complaint are conclusory statements that merely "parrot" the elements of Plaintiffs' causes of action.

For example, in support of their First Cause of Action, Plaintiffs merely state in conclusory fashion – without offering any other foundational facts – that "[d]uring the relevant period, Plaintiffs and the other class members regularly and/or consistently worked in excess of": "eight (8) hours in a day" (First Am. Compl., ¶ 53); "twelve (12) hours in a day" (*id.*, ¶ 54); and "forty (40) hours in a week" (*id.*, ¶ 55). The entire First Amended Complaint is similarly populated with pure legal conclusions, unadorned by actual facts to give those conclusions any substance. *See, e.g., id.*, ¶¶ 18-21, 23 (General Allegations); ¶¶ 66-70 (Second Cause of Action); ¶¶ 77-80 (Third Cause of Action); ¶ 86 (Fourth Cause of Action); ¶ 90 (Fifth Cause of Action); ¶ 97 (Sixth Cause of Action); ¶ 104 (Seventh Cause of Action).

Noticeably absent from the First Amended Complaint are any factual averments supporting Plaintiffs' theory that they were improperly classified as exempt managerial employees, or for that matter, any factual allegations at all regarding their employment – or the work they performed – as Chili's managers.

## III. ARGUMENT

### A. The Relevant Standard: Federal Rule of Civil Procedure 8(a)(2) and *Ashcroft v. Iqbal*.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), the United States Supreme Court recently clarified what this standard means, explaining that the "flexible

plausibility standard" set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), an antitrust case, applies equally with respect to "all civil actions." *Iqbal*, *supra*, 129 S.Ct. at 1953. Under *Iqbal*, to satisfy Rule 8(a)(2) and thus survive a motion to dismiss under Rule 12(b)(6), a complaint must aver actual facts – not mere legal conclusions masquerading as facts – demonstrating a plausible claim for relief. *See id.* at 1949-50. "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1949.

*Iqbal*, applying *Twombly*, announces a two-pronged approach. First, a court must analyze the averments of the complaint to "identify[] pleadings that, because they are no more than conclusions, are not entitled to an assumption of truth." *Id.* at 1950. A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *See id.* at 1949, 1950 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *and see Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) ("'[B]are assertions . . . amounting to nothing more than a "formulaic recitation of the elements" of a . . . claim' . . . do nothing more than state a legal conclusion – even if that conclusion is cast in the form of a factual allegation.").

Second, if the plaintiff has alleged sufficient facts to bear out the elements of the claim, the court must then consider whether the adequately pleaded facts state a "plausible," rather than a merely "possible," claim. *See Iqbal*, 129 S.Ct. at 1949, 1950 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully"). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" (*Id.* at 1949.)

Defendants' Notice of Motion and Motion to
Dismiss; Memorandum of Points and
Authorities in Support Thereof
la-1060400

5

B. **The Averments in the First Amended Complaint – Which Merely Parrot the Elements of Plaintiffs' Causes of Action – Fail to Set Forth Factual Content Sufficient to State a Claim upon Which Relief Can Be Granted.**

Here, Plaintiffs have failed to satisfy even the first prong of the *Iqbal* analysis. The bald, conclusory averments in the First Amended Complaint simply have "not 'nudged [their] claims'" for wage and hour violations "'across the line from conceivable to plausible.'" *Iqbal, supra*, 129 S.Ct. at 1950-51.

*Iqbal* has been applied to dismiss deficient wage and hour class action complaints in the very circumstances present here. *DeLeon v. Time Warner, Inc.*, 2009 U.S. Dist. LEXIS 74345 (C.D. Cal. Jul. 17, 2009, No. CV 09-2438 AG (RNBx)), is precisely on point. *DeLeon* involved a putative class action alleging claims for unpaid overtime, meal and rest period violations, violations of Labor Code sections 201, 202 and 204, failure to pay vacation wages and unfair competition. In *DeLeon*, the district court held on defendant Time Warner's motion to dismiss that the averments in the First Amended Complaint ("FAC") "amount[e]d to the 'threadbare recitals of a cause of action's elements, supported by mere conclusory statements' that the *Iqbal* Court warned against." *Id.* at *6.

The district court specifically found that the following allegations – strikingly similar to the allegations in the First Amended Complaint here – were too conclusory to satisfy the *Iqbal* pleading standard:

> P 33 – "During the relevant time period, Plaintiff and class members consistently worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week."
>
> P 46 – "During the relevant time period, Defendants willfully required Plaintiff and class members to work during meal periods and failed to compensate Plaintiff and class members for work performed during meal periods."
>
> P 55 – "During the relevant time period, Defendants willfully required Plaintiff and class members to work during rest periods and failed to compensate Plaintiff and class members for work performed during

rest periods."

*Id.* at p. *6-*7; and see *Harding v. Time Warner, Inc.*, 2009 U.S. Dist. LEXIS 72851, *8-*9 (S.D. Cal. Aug. 18, 2009, No. 09cv1212-WQH-WMc) (granting defendant's motion to dismiss and holding that the following averments are "conclusory allegations" that "will be 'assigned no weight'" under the *Iqbal* pleading standard – allegations that defendant failed to "pay and properly calculate overtime"; "keep accurate records of all hours worked by its employees"; "provide all wages in a compliant manner"; "provide uninterrupted Meal Periods"; "provide accurate Itemized Wage Statements"; and "comply with California Labor Code § 203.").

The *DeLeon* court noted that "the FAC should allege more specific facts about Plaintiff himself, if not about the entire class," and criticized that "[i]nstead, the FAC regularly recites the statutory language setting forth the elements of the claim, and then slavishly repeats the statutory language as the purported factual allegations." *DeLeon, supra*, 2009 U.S. Dist. LEXIS 74345 at *7. The court explained:

> For example, Plaintiff's second claim is for unpaid meal break premiums in violation of California Labor Code §§ 226.7 and 512(a). In this claim, Plaintiff alleges that "California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal period . . . .," and that Defendants "required Plaintiff and class members to work during meal periods . . . ." [Citing FAC.] Similarly, Plaintiff's third claim is for unpaid rest period premiums in violation of California Labor Code § 226.7. In this claim, Plaintiff alleges that "California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period . . . .," and that Defendants "required Plaintiff and class members to work during rest periods . . . ." [Citing FAC.] In these and Plaintiff's other claims, Plaintiff simply parrots the statutory language. [Citing *Iqbal*.]
>
> If Plaintiff wishes to survive a motion to dismiss, Plaintiff must plead sufficient "factual content" to allow the Court to make a reasonable inference that Defendants are liable for the claims alleged by Plaintiff. [Citing

*Iqbal*.] In the FAC, Plaintiff has not pled sufficient factual content.

*Id.* at pp. *7-*8.

Plaintiffs' lead counsel in the present case knew fully well what *Iqbal* requires because they also represented the plaintiff in *DeLeon*. See Defendants' Request for Judicial Notice filed concurrently herewith, Ex. C. Undaunted, they filed the same copycat complaint in this case, without any apparent regard for the fact that *DeLeon*'s reasoning applies equally here. *See id.*, Exs. A, B. In its entirety, the First Amended Complaint "simply parrots the statutory language" without providing any meaningful supporting factual allegations. *See id.* at *8; and see Field v. Am. Mortgage Express, Corp.*, 2009 U.S. Dist. LEXIS 100063 (N.D. Cal. Oct. 27, 2009, No. C 09-01430 MHP) (granting motion to dismiss Fair Labor Standards Act (FLSA) wage claims in part because the plaintiff's "complaint does not allege facts sufficient to establish that he was a 'non-exempt' employee such that he was entitled to the FLSA's minimum wage and overtime protections").

Indeed, other than vague (and inaccurate) allegations about the Plaintiffs' approximate dates of employment as Chili's "Assistant Managers," the First Amended Complaint contains no specific facts about the Plaintiffs at all. Significantly, Plaintiffs have not advanced any facts whatsoever to support that they – let alone the putative class they purport to represent – were improperly classified as exempt managerial employees. The First Amended Complaint violates *Iqbal* and should be dismissed.

## IV. CONCLUSION

The First Amended Complaint wholly fails to meet the pleading requirements to state a claim under *Iqbal*. For all the foregoing reasons, Defendants' motion to dismiss should be granted.

Dated: January 27, 2010

Respectfully submitted,

KAREN J. KUBIN
SAMANTHA P. GOODMAN
MORRISON & FOERSTER LLP

By: /s/ Karen J. Kubin
Karen J. Kubin

Attorneys for Defendants
BRINKER INTERNATIONAL, INC. and BRINKER RESTAURANT CORPORATION