KAREN J. KUBIN (CA SBN 71560)
DANNY J. AGUILAR (CA SBN 256557)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:   (415) 268-7522
E-mail:      KKubin@mofo.com
             DAguilar@mofo.com

SAMANTHA P. GOODMAN (CA SBN 197921)
TRITIA M. MURATA (CA SBN 234344)
MORRISON & FOERSTER LLP
555 West Fifth Street, Suite 3500
Los Angeles, California  90013-1024
Telephone:  (213) 892-5200
Facsimile:   (213) 892-5454
E-mail:      SGoodman@mofo.com
             TMurata@mofo.com

Attorneys for Defendants
BRINKER INTERNATIONAL, INC. and BRINKER
RESTAURANT CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARC SMITH; KEN WHELAN; individually and on behalf of members of the general public similarly situated, and as aggrieved employees pursuant to the Private Attorneys General Act ("PAGA"),<br><br>Plaintiffs,<br><br>v.<br><br>BRINKER INTERNATIONAL, INC., a Delaware corporation; BRINKER RESTAURANT CORPORATION, a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. C 10 0213 VRW<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND; DECLARATION OF GINGER HUKILL**<br><br>Date:  May 6, 2010<br>Time:  10:00 a.m.<br>Judge:  Hon. Vaughn R. Walker<br>Courtroom:  6 |

Defendants' Opposition To Motion For
Remand
la-1071479

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ..............................................................................1

II.  RELEVANT BACKGROUND ..........................................................1

    A.   Plaintiffs' Claims.....................................................................1

    B.   Procedural History ..................................................................2

III. STANDARD FOR REMOVAL BASED ON DIVERSITY
JURISDICTION ...............................................................................2

    A.   Requirements for Federal Jurisdiction Based on Diversity. .................2

    B.   Standard of Proof .....................................................................3

IV.  ARGUMENT....................................................................................4

    A.   Defendants Have Shown by a Preponderance of the Evidence –
Based on the Averments in Plaintiffs' First Amended Complaint
– that the Amount in Controversy Requirement Is Met......................4

    B.   The Amount in Controversy Requirement Is Satisfied Even if
75% of the PAGA Penalties Are Subtracted....................................7

V.   CONCLUSION .................................................................................8

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Abrego v. Dow Chem. Co.*
443 F.3d 676 (9th Cir. 2006) ...................................................................3

*Alvarez v. Ltd. Express, Inc.*
No. 07CV1051 IEG (NLS), 2007 U.S. Dist. LEXIS 58148 (S.D. Cal.
Aug. 8, 2007) .........................................................................................6

*Cohn v. Petsmart, Inc.*
281 F.3d 837 (9th Cir. 2002) ...................................................................6

*Ellenburg v. Spartan Motors Chassis, Inc.*
519 F.3d 192 (4th Cir. 2008) ...................................................................6

*Hawkins v. Fed. Express Corp.*
No. 1:09-cv-1905 AWI GSA, 2010 U.S. Dist. LEXIS 12944 (E.D. Cal.
Feb. 16, 2010) .......................................................................................3

*Hawkins v. KPMG LLP*
423 F. Supp. 2d 1038 (N.D. Cal. 2006) .................................................7

*Lowdermilk v. U.S. Bank Nat'l Ass'n*
479 F.3d 994 (9th Cir. 2007) ...................................................................3

*Oshana v. Coca-Cola Co.*
472 F.3d 506 (7th Cir. 2006) ...................................................................6

*Quackenbush v. Allstate Ins. Co.*
517 U.S. 706 (1996) ................................................................................4

*Sanchez v. Monumental Life Ins. Co.*
102 F.3d 398 (9th Cir. 1996) ...................................................................3

*Sierminski v. Transouth Fin. Corp.*
216 F.3d 945 (11th Cir. 2000) .................................................................6

*Walker v. Motricity Inc.*
627 F. Supp. 2d 1137 (N.D. Cal. 2009) .................................................4

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Weast v. Travelers Cas. and Surety Co.*
    7 F. Supp. 2d 1129 (D. Nev. 1998) ..................................................................... 3

**STATUTES**

28 U.S.C. § 1332(a)(1) ....................................................................................................... 2

28 U.S.C. § 1441(a) ............................................................................................................ 2

Cal. Bus. & Prof. Code § 17200 ................................................................................... 1, 2

Cal. Lab. Code § 201 ...................................................................................................... 1, 4

Cal. Lab. Code § 202 ...................................................................................................... 1, 4

Cal. Lab. Code § 204 ........................................................................................................... 1

Cal. Lab. Code § 226(a) ...................................................................................................... 1

Cal. Lab. Code § 226.7 ........................................................................................................ 1

Cal. Lab. Code § 501 ........................................................................................................... 1

Cal. Lab. Code § 512(a) ...................................................................................................... 1

Cal. Lab. Code § 1174(d) .................................................................................................... 1

Cal. Lab. Code § 1198 ......................................................................................................... 1

**RULES**

Fed. R. Civ. P. 12(b)(6) ....................................................................................................... 2

## I.    INTRODUCTION

In their motion for remand, Plaintiffs Marc Smith and Ken Whelan attempt to convince this Court that the removal of this action based on diversity jurisdiction was improper because the amount in controversy requirement is not satisfied. Plaintiffs concede that this case satisfies the complete diversity requirement for removal.

Plaintiffs' argument in favor of remand falls far short of the mark. Defendants' detailed calculations of the amount in controversy in this case are based on conservative interpretations of averments in Plaintiffs' own First Amended Complaint. Moreover, those calculations are supported by the Declaration of Ginger Hukill, submitted herewith. Plaintiffs' attempt to disown the averments in their First Amended Complaint and to reject Defendants' reasonable calculations without submitting any evidence to dispute their accuracy, is insufficient to support remand. Because Defendants have established that it is more likely than not that the amount in controversy exceeds the minimum required for diversity jurisdiction, Plaintiffs' motion should be denied.

## II.    RELEVANT BACKGROUND

### A.    Plaintiffs' Claims.

Plaintiffs' First Amended Complaint purports to aver eight causes of action: (1) unpaid overtime (Cal. Lab. Code §§ 501, 1198); (2) unpaid meal break premiums (Cal. Lab. Code §§ 226.7, 512(a)); (3) unpaid rest period premiums (Cal. Lab. Code § 226.7); (4) failure to timely pay wages (Cal. Lab. Code § 204); (5) failure to pay wages at termination (Cal. Lab. Code §§ 201-202); (6) non-compliant wage statements (Cal. Lab. Code § 226(a)); (7) failure to keep proper payroll records (Cal. Lab. Code § 1174(d)); and (8) statutory unfair competition (Cal. Bus. & Prof. Code § 17200). All of Plaintiffs' causes of action are premised on the theory that they are misclassified as exempt from state overtime and related laws. (*See* FAC, ¶¶ 21, 23.)

1    The various items of relief that Plaintiffs seek include compensatory

2    damages, statutory premiums and penalties under the Labor Code, PAGA civil

3    penalties, attorneys' fees and unspecified injunctive relief.  (FAC, Prayer for Relief,

4    ¶¶ 5-43.)[1]  Plaintiffs have not stated any specific amount of damages in the First

5    Amended Complaint.  (*See id.*)

6    **B.    Procedural History.**

7         Plaintiffs filed this lawsuit in Contra Costa Superior Court on

8    December 8, 2009, and served it on December 16, 2009.  On January 11, 2010,

9    Plaintiffs filed a First Amended Complaint.  On January 15, 2010, Defendants

10   timely removed the action pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. §

11   1332(a)(1).

12        Thereafter, on January 27, 2010, Defendants filed a motion to dismiss

13   Plaintiffs' claims pursuant to Rule 12(b)(6), which is currently noticed for hearing

14   on May 6, 2010.

15        On February 12, 2010, Plaintiffs filed their motion to remand the action to

16   state court, contending that "Defendants have failed to carry their burden of

17   establishing that the amount in controversy with respect to each Plaintiff is greater

18   than $75,000."

19   **III.  STANDARD FOR REMOVAL BASED ON DIVERSITY**
     **JURISDICTION**

20

21   **A.    Requirements for Federal Jurisdiction Based on Diversity.**

22        Diversity jurisdiction exists under 28 U.S.C. § 1332(a)(1) for cases in

23   which: (1) there is complete diversity between the parties; and (2) the amount in

24

25

---

26       [1]  Plaintiffs have not averred a separate claim for relief under PAGA.
     Instead, they incorporate PAGA penalties as components of the remedies they seek
27   on each of their Labor Code claims.

28

Defendants' Opposition To Motion For                    2
Remand
la-1071479

1    controversy as to each plaintiff exceeds the sum of $75,000, exclusive of interest

2    and costs.

3         Defendants' Notice of Removal demonstrates that both of the requirements

4    for removal based on traditional diversity jurisdiction are met.  Plaintiffs only

5    dispute whether the second requirement – the amount in controversy requirement –

6    is satisfied.  For the reasons set forth below, this case satisfies the amount in

7    controversy requirement and there is therefore no basis for the Court to decline

8    jurisdiction.

9         **B.    Standard of Proof.**

10        Where, as here, a plaintiff fails to plead a specific amount of damages

11   in the complaint, the defendant seeking removal "must prove by a preponderance of

12   the evidence that the amount in controversy requirement has been met."  *Abrego v.*

13   *Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006); *and see Lowdermilk v. U.S.*

14   *Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007).  Under this standard,

15   Defendants only need to show that it is "more likely than not" that the amount in

16   controversy satisfies the federal diversity jurisdiction amount.  *Id.*; *and see Sanchez*

17   *v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  As explained

18   below, Defendants have met this burden.

19        Plaintiffs' assertion that the Ninth Circuit applies a "strong presumption

20   against removal" is irrelevant in cases such as this, where Defendants have satisfied

21   their burden of establishing that removal is proper.  *See, e.g., Hawkins v. Fed.*

22   *Express Corp.*, No. 1:09-cv-1905 AWI GSA, 2010 U.S. Dist. LEXIS 12944, at *15

23   (E.D. Cal. Feb. 16, 2010) (finding removal proper despite the "strong presumption"

24   against removal, where the defendant submitted declarations establishing diversity

25   jurisdiction); *Weast v. Travelers Cas. and Surety Co.*, 7 F. Supp. 2d 1129, 1134 (D.

26   Nev. 1998) (finding that defendant's invocation of diversity jurisdiction is justified

27   "[n]otwithstanding the Ninth Circuit's finding of a strong presumption against

28   removal.").  Indeed, federal courts have an obligation to exercise the jurisdiction

Defendants' Opposition To Motion For                     3
Remand
la-1071479

1   that is conferred upon them.  *See, e.g., Quackenbush v. Allstate Ins. Co.*, 517 U.S.

2   706, 716 (1996) ("We have often acknowledged that federal courts have a strict

3   duty to exercise the jurisdiction that is conferred upon them by Congress.").

**IV.   ARGUMENT**

    **A.   Defendants Have Shown by a Preponderance of the Evidence –**
       **Based on the Averments in Plaintiffs' First Amended Complaint –**
       **that the Amount in Controversy Requirement Is Met.**

7        Plaintiffs criticize Defendants' calculation of the amount in

8   controversy as "speculative." (Pl.'s Mot. to Remand at 4:23.)  However, the Notice

9   of Removal makes clear that Defendants' calculations are premised on the

10  allegations in Plaintiffs' own First Amended Complaint.  (*See* Defendants' Not. of

11  Removal, ¶¶ 6-7 (explaining in detail how Defendants' calculations are derived

12  from specific averments in the First Amended Complaint).)[2]  *See also Walker v.*

13  *Motricity Inc.*, 627 F. Supp. 2d 1137, 1142 (N.D. Cal. 2009) (citing *Meridian Sec.*

14  *Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006), for the proposition "that

15  evidence a removing party might use to establish jurisdiction includes calculations

16  based on the complaint's allegations").

17       Plaintiffs' attack on Defendants' calculations focuses entirely on Defendants'

18  assumptions regarding the frequency of the violations alleged by Plaintiffs in the

19  First Amended Complaint.  Contrary to Plaintiffs' assertion, Defendants'

---

    [2]  With apologies to the Court and to Plaintiffs, in preparing this Opposition to Plaintiffs' motion to remand, Defendants discovered an inadvertent error in its calculation of the amount in controversy.  The PAGA penalties attributable to Plaintiffs' Fifth Cause of Action for failure to pay wages at termination (Cal. Lab. Code §§ 201-202) should not be computed based upon all pay periods of Plaintiffs' employment, as they necessarily only apply upon the termination of Plaintiffs' employment, and for up to 30 days thereafter.  But even deleting entirely the PAGA penalties as to Plaintiffs' Fifth Cause of Action ($8,500 as to Plaintiff Smith and $19,500 as to Plaintiff Whelan), Defendants' amount in controversy calculation as to each Plaintiff still far exceeds the jurisdictional minimum for federal diversity jurisdiction, even before taking attorneys' fees into account.

Defendants' Opposition To Motion For Remand
la-1071479

4

assumptions regarding the frequency of the alleged violations are entirely reasonable based on the allegations in the First Amended Complaint.  Specifically:

- <u>Plaintiffs' First Amended Complaint supports the assumption that Plaintiffs are claiming 2.5 hours of overtime for each day worked:</u> Plaintiffs argue that they do not allege that they "daily worked 10.5 hours." (Pl.'s Mot. to Remand at 7:2.)  But, Plaintiffs' First Amended Complaint avers that Plaintiffs "regularly and consistently worked over eight (8) hours in a day, twelve (12) hours in a day." (FAC, ¶ 20.)  Defendants' estimate of 2.5 hours of overtime per shift (10.5 hours in a day) is a reasonable and conservative interpretation of Plaintiffs' claims. (*See also* Declaration of Ginger Hukill submitted herewith, ¶ 4.)

- <u>The nature of Plaintiffs' lawsuit – a misclassification case – supports the assumption that Plaintiffs are claiming meal and rest period penalties for each day that they worked</u>:  Plaintiffs argue that they do not allege that they "daily missed their rest and meal breaks." (Pl.'s Mot. to Remand at 6:3-7:1.)  Plaintiffs have apparently forgotten that the crux of their lawsuit is the claim that they were misclassified as exempt from overtime, meal periods and rest periods.  Indeed, the First Amended Complaint avers that Defendants' "salaried Assistant Managers" were misclassified as "exempt" and that Defendants "failed to provide Plaintiffs and the other class members the required rest and meal periods during the relevant time period." (FAC, ¶¶ 23-24.)  Given that this is a misclassification case, Defendants' assumptions underlying its calculations are more than reasonable.

Plaintiffs' transparent attempts to ignore the implications of their own averments are unavailing.  As vague, conclusory and formulaic as they may be, the statements in the First Amended Complaint regarding the many hours that Plaintiffs

1   allegedly worked, and the meal and rest breaks that they allegedly missed, easily

2   justify Defendants' reasonable – indeed, conservative – calculations.[3]

3          Defendants' calculations are further justified by the attached declaration of

4   Ginger Hukill, which the Court may properly consider in deciding Plaintiffs'

5   motion to remand. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840, n.1 (9th Cir.

6   2002) (holding that a district court may treat an opposition brief as an amendment

7   to the notice of removal); *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949

8   (11th Cir. 2000) (holding that a district court may consider post-removal evidence

9   in determining whether the jurisdictional amount was satisfied at the time of

10  removal); *Alvarez v. Ltd. Express, Inc.* No. 07CV1051 IEG (NLS), 2007 U.S. Dist.

11  LEXIS 58148, at *6 (S.D. Cal. Aug. 8, 2007) ("[i]n addition to the contents of the

12  removal petition," the court may also consider "summary-judgment-type evidence

13  relevant to the amount in controversy at the time of removal."); *and see Ellenburg*

14  *v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008) (only when

15  jurisdictional allegations are challenged must the proponent of federal jurisdiction

16  demonstrate that removal is proper).

17         Contrary to what Plaintiffs would have this Court believe, Defendants do not

18  need to prove the precise amount in controversy and their good faith estimate of the

19  amount in controversy will suffice to establish diversity jurisdiction. *See Oshana v.*

20  *Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (In situations where "the

21  plaintiff, the master of the complaint, does not want to be in federal court and

22  provides little information about the value of her claims . . . a good-faith estimate of

23  the stakes is acceptable if it is plausible and supported by a preponderance of the

24         [3] Moreover, Plaintiffs' counsels' assertion that they have "no evidence on

25  which to categorically deny Defendants' damages estimates" is without basis.
    (Pl.'s Mot. to Remand at 5:25-27.)  Certainly, Plaintiffs themselves are aware of

26  approximately how much overtime they worked and how frequently they believe
    they were denied meal and rest periods.  The fact that Plaintiffs have not submitted

27  any evidence to dispute Defendants' estimates is telling.

28

Defendants' Opposition To Motion For                  6
Remand
la-1071479

evidence."); *Hawkins v. KPMG LLP*, 423 F. Supp. 2d 1038, 1047 (N.D. Cal. 2006) ("in evaluating jurisdiction in a diversity suit, a court may determine that the amount in controversy more likely than not exceeds $75,000 without reaching a conclusion as to the precise amount of damages.").  Defendants have certainly met their burden of proving that it is more likely than not that the $75,000 amount in controversy requirement has been met with respect to each of the plaintiffs in this case.

**B.     The Amount in Controversy Requirement Is Satisfied Even if 75% of the PAGA Penalties Are Subtracted.**

Plaintiffs argue that Defendants' calculation of the amounts in controversy are "inflated" because they include all of the Private Attorneys' General Act ("PAGA") penalties, instead of only the 25% that would be payable to Plaintiffs. (Pl.'s Mot. to Remand at 7:28-8:1.)  This argument is unavailing because even if the 75% of potential PAGA penalties that are payable to the State are deducted from Defendants' calculations, the amount in controversy as to each of the Plaintiffs still exceeds $75,000.

Specifically, Defendants' Notice of Removal demonstrates that a reasonable estimate of the amount in controversy with respect to Plaintiff Smith's claims is $122,721.85.[4]  The portion of that figure that is attributable to PAGA penalties is $51,000.  If 75% of those PAGA penalties (the amount that would be payable to the State) is deducted from the total amount in controversy, the remaining amount in controversy with respect to Smith's claims is $84,471.85, which is still substantially more than the $75,000 minimum.

The same is true for Plaintiff Whelan.  As set forth in the Notice of Removal, a reasonable estimate of the amount in controversy with respect to Whelan's claims

---

[4] This number does not include the $8,500 mistakenly attributed to PAGA penalties for the Fifth Cause of Action, as discussed in footnote 2, above.

is $264,748.35.[5]  The portion of that figure that is attributable to PAGA penalties is $117,000.  If 75% of those PAGA penalties (the amount that would be payable to the State) is deducted from the total amount in controversy, the remaining amount in controversy with respect to Whelan's claims is $176,998.35 – far more than double the $75,000 minimum.

Therefore, even after deducting 75% of the potential PAGA penalties that are at issue, the claims of both Plaintiffs clearly satisfy the amount in controversy requirement and there is no basis for remand.

## V.    CONCLUSION

Defendants have demonstrated by a preponderance of the evidence that the amount in controversy as to each of the Plaintiffs exceeds $75,000.  For all the foregoing reasons, Plaintiffs' motion to remand this action to state court should be denied.

Dated:    April 15, 2010

Respectfully submitted,

KAREN J. KUBIN
SAMANTHA P. GOODMAN
MORRISON & FOERSTER LLP

By: _____
       Karen J. Kubin

Attorneys for Defendants BRINKER INTERNATIONAL, INC. and BRINKER RESTAURANT CORPORATION

---

[5] This number does not include the $19,500 mistakenly attributed to PAGA penalties for the Fifth Cause of Action, as discussed in footnote 2, above.

Defendants' Opposition To Motion For Remand
la-1071479

8

## DECLARATION OF GINGER HUKILL

I, Ginger Hukill, declare:

1.     I am employed by Brinker International Payroll Company, L.P. ("Brinker") in the capacity of Director HR Compliance.  I have been employed in this capacity since September 30, 2004.  Brinker is the entity that employs all persons who work at Chili's restaurants.  As Brinker's Director HR Compliance, I am responsible for ensuring compliance with Federal and State laws, Brinker policies and procedures, and special projects between Chili's restaurants and our Corporate Office.  I act as a liaison between Legal, Payroll, PeopleWorks and various other departments with respect to Chili's restaurant employees.

2.     Attached hereto as Exhibit A is a true and correct copy of the New Hire Data Sheet for Plaintiff Terry "Marc" Smith, which reflects that his starting salary as a Manager at Chili's was $50,000.00 annually.  This New Hire Data Sheet was prepared in the regular course of business by Brinker at the time of Mr. Smith's hire and is maintained in the Brinker corporate office recruiting department files.

3.     Attached hereto as Exhibit B is a true and correct copy of the New Hire Data Sheet for Plaintiff Ken Whelan, which reflects that his starting salary as a Manager at Chili's was $50,000.00 annually.  This New Hire Data Sheet was prepared in the regular course of business by Brinker at the time of Mr. Whelan's hire and is maintained in the Brinker corporate office recruiting department files.

4.     Chili's Managers are paid biweekly, on a salary basis.  Managers are generally scheduled to work 10-11 hours per day, or 50-55 hours each week.

//

//

//

//

//

1        5.    The facts set forth above are of my personal, firsthand knowledge and

2    are also, as to Paragraphs 2 and 3, based on my review of Brinker's business

3    records referred to in those paragraphs.  If called as a witness, I could and would

4    testify competently thereto.

5

6        I declare under penalty of perjury that the foregoing is true and correct.

7    Executed this 15 day of April, 2010, at Dallas, Texas.

8

9        _____

10                           Ginger Hukill

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendants' Opposition To Motion For
Remand
la-1071479

                    10

Exhibit A

Last Updated by KO 10/13/06

# Shared Services New Hire Data Sheet

| | | | | | |
|---|---|---|---|---|---|
| Brand | **Chili's** | PW Manager/ Recruiter | **Jennifer Kufahl** | Date | **06/11/07** |

| | | |
|---|---|---|
| Type of Hire | **New Hire** | EE ID # (PWFR Use Only): |

| | | | |
|---|---|---|---|
| Legal Name First / Middle / Last | Terry Smith | Preferred Name First / Last | |
| Social Security # | **REDACTED** | Start Date | **06/20/07** |
| Birthdate | **05/24/49** | Transfer Date (MGO Only) | |
| Highest Level of Education | **HS Grad** | Degree/ Major Code | **None** |

| | | | | | |
|---|---|---|---|---|---|
| Gender | **Male** | Marital Status | **Married** | Temp Housing Req? If yes, complete Temp Housing Tab | |

| | | | |
|---|---|---|---|
| Street Address (include Apt # - NO PO BOXES for Overnight Delivery) | **866 S. Rancho Sante #C** | City, State Zip | **San Marcos, CA 92078** |
| Email Address | **tmpoppop@yahoo.com** | Phone | **760-685-2644** |
| Ethnicity | **White** | | |

| | | | | |
|---|---|---|---|---|
| Most Recent Job Experience | **Retail** | Years Experience | **4** Hourly | **14** Manager |
| | | Uniform/ Shirt Size | **Medium** | Serv Safe Certified? **No** |

| | | | |
|---|---|---|---|
| Source Type/ID | **Internet – 4** | Specific Source Give complete info: full web address, name of publication, name & store of EE who referred applicant, store name & # promoted from. | **monster.com** |

| | | | | |
|---|---|---|---|---|
| Training Store # Final Store # (MGO Only) | **701-Scripps Gateway** | | Job Out of Training | **Manager** Other Job? |

| | | | | |
|---|---|---|---|---|
| Starting Rates | **$50,000** Annual | **$1,923.08** Biweekly | **$17.48** Hourly | Out of Training Date **09/20/07** |

| | | | |
|---|---|---|---|
| PWFRC Only | MIT PG | OOT PG | Job Code |
| | | | Travel (MGO) |

| | | | | |
|---|---|---|---|---|
| **Eric Quillin** Orientation Facilitator/Title | **9am** Time | **269** Store # | **Escondido** Orientation Store Name | **Orientation Store** Deliver Materials Where? |

Notes/Comments

Exhibit B

# Recruiter New Hire Data Sheet

| Concept | Chili's Grill & Bar | Recruiter | Ric Edgar | Date | 4/13/10 |
|---|---|---|---|---|---|

**Type of Hire** (please circle/highlight one): **New Hire**   Rehire   Promo from Hourly   Transfer from HQ/Other Concept

**Social Security #**   REDACTED   **Start Date** MM/DD/YY   05/16/06

**Legal Name** First/Middle/Last:   Kenneth Whelan

**Marital Status** (circle/highlight one): **Married**   Single   Unknown   **Preferred First/Last Name**   Ken Whelan

**Street Address** (Include Apt #):   4205 Merced Circle

**City, State, Zip**:   Antioch, CA  94531

**Phone** (Area Code Required):   309-299-1973   **Gender** (please circle/highlight one): **Male**   Female

**Highest Education Level** (please circle/highlight one):

| Less Than HS Grad | HS Grad | < 1Yr College |
|---|---|---|
| 1+ Yrs College | 2 Yr Degree | Culinary w/Degree |
| 4 Yr Degree | Some Grad | Master's |
| Doctorate | Unknown | |

**Degree** (please circle/highlight one):

| Hotel/Rest Mgmt | Culinary | Business |
|---|---|---|
| Liberal Arts | Social Sciences | Math/Hard Sciences |
| Other Degree | **None** | Unknown |

**Source Type** (please circle/highlight one):

| Internal Promo | Rehire | **Internet** |
|---|---|---|
| Ad | Employee Referral | Agency |
| College Recruiting | Walk-In | Career Fair |
| Open House | Transfer In | Unknown |

**Specific Source** Give complete info: full web address, name of publication or name & store of Employee who referred applicant:   www.monster.com

**Birth Date** MM/DD/YY:   07/07/72

**Ethnic Code** (please circle/highlight one):

| American Indian | Asian | Hispanic |
|---|---|---|
| Black | White | Unknown |

**Most Recent Job Experience** (please circle/highlight one):

| Quick Service | Full Family | Contract |
|---|---|---|
| **Retail** | Fine Dining | Limited/Cafeteria |
| Full Casual | Other | |

**Years Experience**:   Hourly ___   Manager 5

**Training Store #**:   #507 Reno

**Job Out Of Training** (please circle MGR or give other title):   MGR or ___   Other Job? ___

**Starting Rates**:   $ 50,000 Annual   17.48 Hourly

**Out of Training Date** MM/DD/YY:   8/8/2006
Shirt Size   XXXL   (Chili's Only)
Serv Safe   N   (Chili's Only)

| John Shiner | | Reno #507 |
|---|---|---|
| Orientation Area Director | Orientation Time | Orientation Store Name/# |