KAREN J. KUBIN (CA SBN 71560)
DANNY J. AGUILAR (CA SBN 256557)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
E-mail: KKubin@mofo.com
        DAguilar@mofo.com

SAMANTHA P. GOODMAN (CA SBN 197921)
TRITIA M. MURATA (CA SBN 234344)
MORRISON & FOERSTER LLP
555 West Fifth Street, Suite 3500
Los Angeles, California 90013-1024
Telephone: (213) 892-5200
Facsimile: (213) 892-5454
E-mail: SGoodman@mofo.com
        TMurata@mofo.com

Attorneys for Defendants
BRINKER INTERNATIONAL, INC. and BRINKER
RESTAURANT CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARC SMITH; KEN WHELAN; individually and on behalf of members of the general public similarly situated, and as aggrieved employees pursuant to the Private Attorneys General Act ("PAGA"),<br><br>Plaintiffs,<br><br>v.<br><br>BRINKER INTERNATIONAL, INC., a Delaware corporation; BRINKER RESTAURANT CORPORATION, a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. C 10 0213 VRW<br><br>**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**<br><br>Date: May 6, 2010<br>Time: 10:00 a.m.<br>Judge: Hon. Vaughn R. Walker<br>Courtroom: 6 |

## I. INTRODUCTION

As set forth in detail in Defendants' Opening Memorandum, Plaintiffs' First Amended Complaint fails to meet the pleading standard set forth by the Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) because it is entirely lacking in factual averments and is comprised entirely of conclusory averments that merely parrot the causes of action and their elements. Plaintiffs' opposition fails to establish otherwise. In fact, Plaintiffs' opposition – in particular the July 17, 2009 Order in *DeLeon v. Time Warner Cable LLC* (the "*DeLeon* Order") of which Plaintiffs ask the Court take judicial notice –supports dismissal of the First Amended Complaint, not the opposite.

The *DeLeon* Order (which Defendants cited in their Opening Memorandum) supports dismissal of Plaintiffs' First Amended Complaint because it reflects that the *DeLeon* court not only granted a motion to dismiss a complaint that was virtually identical to the First Amended Complaint in this case, but also that the *DeLeon* court outright rejected the exact same legal arguments Plaintiffs assert in their opposition brief here. Indeed, a comparison of Plaintiffs' opposition in this case to the plaintiff's opposition to the defendant's motion to dismiss in *DeLeon* reveals that Plaintiffs' counsel (who were also counsel for the plaintiff in *DeLeon*) merely re-filed their *DeLeon* brief in this case after making a few inconsequential alterations. (*See* Plaintiff Saul DeLeon's Opposition to Motion to Dismiss, attached as Ex. A to Defendants' Request for Judicial Notice filed concurrently herewith.) Plaintiffs' reassertion of the same arguments that were rejected by the court in *DeLeon* is fatal to their opposition and mandates dismissal of the First Amended Complaint. It also amounts to rank bad faith.

For the reasons set forth in Defendants' Opening Memorandum and below, the First Amended Complaint fails to state a claim and should be dismissed.

## II. ARGUMENT

Plaintiffs make three arguments to avoid the dismissal of the First Amended Complaint. None of them is availing, as shown below.

### A. Plaintiffs Rely on Case Law that Has No Current Force.

Plaintiffs first argue that they have sufficiently stated their claims based solely on cases – no less than 15 – that pre-dated the Supreme Court's decision in *Iqbal*, 129 S. Ct. 1937. (Opp. at 2:11-4:17.) But in holding in *Iqbal* that to satisfy Rule 8(a)(2) and survive a motion to dismiss under Rule 12(b)(6), a complaint must aver actual facts – not mere legal conclusions masquerading as facts – demonstrating a plausible claim for relief (*Iqbal*, 129 S. Ct. at 1949-50), the Supreme Court fundamentally altered the standard of pleading that Plaintiffs were require to meet. Under *Iqbal*, a complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (Internal citations omitted.) *See id.* at 1949-50 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Simply put, Plaintiffs cannot rely on outdated authorities for a standard of pleading that has been superseded by *Iqbal* to avoid dismissal of the First Amended Complaint. Nor do their other arguments save them.

### B. Plaintiffs Erroneously Argue that *Iqbal* Does Not Apply Here.

Plaintiffs next argue that the standard set forth by the Supreme Court in *Iqbal* does not apply to this case. (Opp. at 6:15-7:10.) Incredibly, Plaintiffs make this argument without citation to any authority and despite the fact that both *Iqbal* and the *DeLeon* Order they submitted with their opposition hold directly to the contrary. *Iqbal*, 129 S. Ct. at 1953 (pleading standard applies to "all civil actions"); *DeLeon* Order at 2 ("Plaintiff argues that this Court should not apply the 'heightened standard' set forth in *Iqbal*. ... The Court disagrees.") In fact,

1  Plaintiffs' counsel made the exact same arguments in *DeLeon* regarding the
2  inapplicability of *Iqbal* that they are now making here, and the *DeLeon* court
3  outright rejected those arguments. (*See DeLeon* Order at 2 and Opp. to Mot. to
4  Dismiss at 5:10-7:2, Ex. A to Dfts' RJN.) There is no justification for Plaintiffs'
5  continued assertion of an argument in this case that they know to be without merit.
6  *See* Fed. R. Civ. Proc. 11.

7  As demonstrated by the *DeLeon* Order, as well as the other cases cited in
8  Defendants' Opening Memorandum, which Plaintiffs wholly neglect to address, the
9  *Iqbal* standard applies to all civil cases, including putative wage and hour class
10 actions such as this one. (*DeLeon* Order at 3 ("The *Iqbal* standard…applies to all
11 civil cases.")); *see also, Harding v. Time Warner, Inc.*, No. 09cv1212-WQH-WMc,
12 2009 U.S. Dist. LEXIS 72851, at *8-9 (S.D. Cal. Aug. 18, 2009) (applying *Iqbal*
13 standard to grant motion to dismiss wage claims); *Field v. Am. Mortgage Express,*
14 *Corp.*, No. C 09-01430 MHP, 2009 U.S. Dist. LEXIS 100063 (N.D. Cal. Oct. 27,
15 2009) (same). Plaintiffs' bad faith attempt to argue to the contrary should be
16 rejected.

      **C.    Plaintiffs Alternatively – and Equally Erroneously – Argue that the First Amended Complaint Is Sufficiently Pleaded Under *Iqbal*.**

19 After making an unavailing effort to argue that *Iqbal* does not apply in
20 this case, Plaintiffs take the fall-back position that even if it does apply, the First
21 Amended Complaint is sufficient to satisfy the *Iqbal* standard. (Opp. at 7:11-8:4.)
22 However, Plaintiffs' list of the "factual averments" allegedly contained in the First
23 Amended Complaint is entirely devoid of facts and instead constitutes no more than
24 a laundry-list of the elements of the various causes of action. (Opp. at 4:24-6:8.) In
25 fact, three of the paragraphs quoted by Plaintiffs in their opposition are virtually
26 identical to the three paragraphs quoted by the *DeLeon* Court to demonstrate the
27 inadequacy of the averments in that action. (*DeLeon* Order at 4-5.)
28

Under the standard set forth in *Iqbal*, Plaintiffs cannot survive a motion to dismiss with averments that merely "parrot" the statutory language that forms the basis for the claims. *Iqbal*, 129 S. Ct. at 1949-50 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *DeLeon* Order at 5 (deeming insufficient allegations that "simply parrot[] the statutory language"); *and see Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) ("'[B]are assertions . . . amount[ing] to nothing more than a "formulaic recitation of the elements" of a . . . claim' . . . do nothing more than state a legal conclusion – even if that conclusion is cast in the form of a factual allegation."). The First Amended Complaint – which is entirely lacking in factual averments – is therefore insufficiently pleaded and should be dismissed.

### III. CONCLUSION

Plaintiffs' First Amended Complaint fails to satisfy the pleading standard set forth by the Supreme Court in *Iqbal*, and Plaintiffs have not shown otherwise. For all the reasons set forth above and in their Opening Memorandum, Defendants' motion to dismiss should be granted.

Dated: April 22, 2010

Respectfully submitted,

MORRISON & FOERSTER LLP

By: /s/ Karen J. Kubin

Attorneys for Defendants BRINKER INTERNATIONAL, INC. and BRINKER RESTAURANT CORPORATION