IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARC SMITH; ET AL,                    No C 10-0213 VRW

          Plaintiffs,                 ORDER

          v

BRINKER INTERNATIONAL, INC; ET
AL,

          Defendants.
_____/

          On December 8, 2009 plaintiffs Marc Smith and Ken Whelan
filed a class action in Contra Costa superior court against
defendants Brinker International, Inc and Brinker Restaurant
Corporation, and filed an amended complaint on January 11, 2010.
Plaintiffs purport to represent the proposed class of all current
and former "Assistant Managers" or persons with similar titles or
duties who worked for defendants in the state of California at any
time during the period from four years prior to filing of the
complaint to final judgment.  Doc #1 at 66.  On January 15, 2010
defendants filed a notice of removal of the action to this court
pursuant to 28 USC §§ 1441 and 1446.  Doc #1.  On February 12, 2010

1  defendants renoticed their motion to dismiss and plaintiffs filed a
2  motion to remand.  The court finds the matters suitable for decision
3  without hearing.  Having considered the papers submitted by the
4  parties and the relevant legal authority, the court GRANTS
5  plaintiffs' motion to remand (doc #17) and DENIES AS MOOT the motion
6  to dismiss (doc #14).

7
8                                    I

9            Plaintiffs were employed by defendants as "Assistant
10 Managers" at Chili's Grill & Bar restaurants located in California;
11 plaintiff Smith was employed from June 2007 to February 2009, and
12 plaintiff Whelan from January 2006 to October 2009.  FAC ¶¶ 12, 13.
13 Plaintiffs allege that defendants misclassified their Assistant
14 Managers as exempt from overtime and other state laws.  FAC ¶¶ 21,
15 23 (Doc #1 at 64).
16           The operative complaint alleges eight causes of action on
17 behalf of the proposed class, alleging that defendants
18 (1) intentionally and willfully failed to pay overtime wages (Cal
19 Labor Code §§ 510, 1198); (2) intentionally and willfully required
20 plaintiffs to work during meal periods and failed to pay the full
21 meal period premium for work performed during meal periods (id
22 §§ 226.7, 512(a)); (3) willfully required plaintiffs to work during
23 rest periods and failed to pay plaintiffs the full rest period
24 premium for work performed during rest periods (id § 226.7); (4)
25 intentionally and willfully failed to pay plaintiffs timely wages
26 (id § 204); (5) intentionally and willfully failed to pay wages
27 within 72 hours of termination (id §§ 201, 202); (6) intentionally
28 and willfully failed to provide plaintiffs with complete and

                                    2

accurate wage statements (id § 226(a)); (7) intentionally and willfully failed to keep complete and accurate payroll records (id § 1174(d)); and (8) engaged in unlawful business practices (Cal Bus & Prof Code § 17200).  Doc #1 at 70-81.

Plaintiffs seek compensatory damages, prejudgment interest, statutory premiums and penalties under the California Labor Code, civil penalties under the Private Attorneys General Act, attorney fees and injunctive relief.  Doc #1 at 81-85.  The operative complaint does not state a specific amount of damages.

II

Any civil action brought in state court of which the federal district courts have original jurisdiction may be removed. 28 USC § 1441(a).  Jurisdiction founded on 28 USC § 1332 requires complete diversity between the parties and an amount in controversy in excess of $75,000, exclusive of interest and costs.  Removal statutes are construed narrowly in favor of remand to protect the jurisdiction of state courts.  Harris v Bankers Life and Cas Co, 425 F3d 689, 698 (9th Cir 2005) (citing Shamrock Oil & Gas Corp v Sheets, 313 US 100, 108-09 (1941)).

Where the complaint does not specify the amount sought as damages, the removing party must prove by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold.  Abrego v The Dow Chemical Co, 443 F3d 676, 683 (9th Cir 2006).  To satisfy the burden to demonstrate the amount in controversy, defendants may rely upon facts presented in the removal petition as well as any "summary-judgment-type evidence relevant to the amount in controversy at the time of removal."  Singer v State

3

1  <u>Farm Mut Auto Ins Co</u>, 116 F3d 373, 377 (9th Cir 1997) (quotation
2  omitted).  Conclusory allegations as to the amount in controversy
3  are insufficient.  <u>Gaus v Miles, Inc</u>, 980 F2d 564, 567 (9th Cir
4  1992).
5          Plaintiffs contend that defendants have failed to
6  demonstrate that it is more likely than not that each plaintiff's
7  damages exceed $75,000.  Having reviewed the evidence offered by
8  defendants, the court determines that defendants have failed to meet
9  their burden to establish the jurisdictional requirement for
10 removal.
11          Plaintiff Marc Smith allegedly worked as an assistant
12 manager for a Chili's restaurant in California from June 2007 to
13 February 2009, or approximately 85 weeks.  Doc #1 at 63.  In the
14 removal notice, as supplemented by the brief and supporting
15 declaration in opposition to the motion to remand, defendants
16 suggest that the amount in controversy as to plaintiff Smith is
17 $84,471.85.  Doc #21 at 11.  To arrive at an hourly rate based on Mr
18 Smith's starting salary of $50,000 per year as a Chili's Manager,
19 defendant calculates an hourly rate of $24.04, and $36.06 for time
20 and one-half overtime.  Doc #1 at 4; Doc #21 at 13.  Defendants
21 proceed on the assumption that Mr Smith worked 2.5 hours of overtime
22 everyday of the 85 weeks that he worked for defendants.
23 \\
24 \\
25 \\
26 \\
27 \\
28 \\

4

**Table 1: Defendants' Estimate of Marc Smith's Alleged Damages**

| Smith Damages | Calculation | Amount |
|---|---|---|
| 1st COA: unpaid overtime [assuming 2.5 hrs overtime per day at $36.06/hr] | 5 days/wk X 2.5 hrs/day X $36.06 X 85 weeks | $38,313.75 |
| 1st COA: PAGA penalties | 25% of [($100 for pay period #1) + ($200 X 42 (periods #2 - #43))] | $2,125.00 |
| 2d COA: missed meal period [one hour meal period premium per day] | 5 days/wk X 85 wks X $24.04 | $10,217.00 |
| 2d COA: PAGA penalties | 25% of [($100 for pay period #1) + ($200 X 42 (periods #2 - #43))] | $2,125.00 |
| 3d COA: missed rest periods [one hour premium per day] | 5 days/wk X 85 wks X $24.04 | $10,217.00 |
| 3d COA: PAGA penalties | 25% of [($100 for pay period #1) + ($200 X 42 (periods #2 - #43))] | $2,125.00 |
| 4th COA: PAGA penalties | 25% of [($100 for pay period #1) + ($200 X 42 (periods #2 - #43))] | $2,125.00 |
| 5th COA: statutory waiting time penalties [assuming daily wage of $282.47, including 2.5 hrs overtime] | 30 days X [($24.04 X 8 hrs/day) + ($36.06 X 2.5 hrs/day overtime) | $8,474.10 |
| 5th COA: PAGA penalties | withdrawn (doc # 21 at 8 n2) | $0.00 |
| 6th COA: statutory penalties for failure to provide itemized wage statements | ($50 for pay period #1) + ($100 X 42 (periods #2-#43)) [maximum statutory penalty: $4000] | $4,000.00 |
| 6th COA: PAGA penalties | 25% of [($100 for pay period #1) + ($200 X 42 (periods #2 - #43))] | $2,125.00 |
| 7th COA: statutory penalties for failure to keep complete payroll records | Civil penalty: $500 | $500.00 |
| 7th COA: PAGA penalties | 25% of [($100 for pay period #1) + ($200 X 42 (periods #2 - #43))] | $2,125.00 |
| Attorney fees for 1st and 8th COA | no estimate | $0.00 |
| **Defendants' TOTAL estimate for Smith** | | **$84,471.85** |

5

1    Plaintiff Ken Whelan allegedly worked as an assistant

2    manager for a Chili's restaurant from January 2006 to October 2009,

3    or approximately 195 weeks.  Doc #1 at 63.  Based on a starting

4    salary of $50,000 per year, and applying the assumption of 2.5

5    overtime hours each day, Defendants contend that the amount in

6    controversy is $176,998.35, calculated as shown in Table 2.  Doc #21

7    at 12.

8    \\

9    \\

10   \\

11   \\

12   \\

13   \\

14   \\

15   \\

16   \\

17   \\

18   \\

19   \\

20   \\

21   \\

22   \\

23   \\

24   \\

25   \\

26   \\

27   \\

28   \\

**Table 2: Defendants' Estimate of Ken Whelan's Alleged Damages**

| Whelan Damages | Calculation | Amount |
|---|---|---|
| 1st COA: unpaid overtime [assuming 2.5 hrs overtime per day at $36.06/hr] | 5 days/wk X 2.5 hrs/day X $36.06 X 195 weeks | $87,896.25 |
| 1st COA: PAGA penalties | 25% of [($100 for pay period #1) + ($200 X 97 (periods #2 - #98))] | $4,875.00 |
| 2d COA: missed meal period [one hour meal period premium per day] | 5 days/wk X 195 wks X $24.04 | $23,439.00 |
| 2d COA: PAGA penalties | 25% of [($100 for pay period #1) + ($200 X 97 (periods #2 - #98))] | $4,875.00 |
| 3d COA: missed rest periods [one hour premium per day] | 5 days/wk X 195 wks X $24.04 | $23,439.00 |
| 3d COA: PAGA penalties | 25% of [($100 for pay period #1) + ($200 X 97 (periods #2 - #98))] | $4,875.00 |
| 4th COA: PAGA penalties | 25% of [($100 for pay period #1) + ($200 X 97 (periods #2 - #98))] | $4,875.00 |
| 5th COA: statutory waiting time penalties [assuming daily wage of $282.47, including 2.5 hrs overtime] | 30 days X [($24.04 X 8 hrs/day) + ($36.06 X 2.5 hrs/day overtime) | $8,474.10 |
| 5th COA: PAGA penalties | withdrawn (doc # 21 at 8 n2) | $0.00 |
| 6th COA: statutory penalties for failure to provide itemized wage statements | ($50 for pay period #1) + ($100 X 97 (periods #2-#98))<br><br>[maximum statutory penalty: $4000] | $4,000.00 |
| 6th COA: PAGA penalties | 25% of [($100 for pay period #1) + ($200 X 97 (periods #2 - #98))] | $4,875.00 |
| 7th COA: statutory penalties for failure to keep complete payroll records | Civil penalty: $500 | $500.00 |
| 7th COA: PAGA penalties | 25% of [($100 for pay period #1) + ($200 X 97 (periods #2 - #98))] | $4,875.00 |
| Attorney fees for 1st and 8th COA | no estimate | $0.00 |
| **Defendants' TOTAL estimate for Whelan** | | **$176,998.35** |

1    Defendants' assumption that each plaintiff worked 2.5

2  hours overtime each day is not supported by the allegations in the

3  operative complaint.  Plaintiffs allege that they "regularly and

4  consistently worked over eight (8) hours in a day, twelve (12) hours

5  in a day, or forty (40) hours in a week during their employment with

6  Defendants."  FAC ¶ 20.  The complaint does not quantify the number

7  of overtime hours that are allegedly subject to compensation, nor

8  the number of meal and rest periods that defendants allegedly failed

9  to provide.  Defendants provide no sufficient basis to apply its

10  assumption of 2.5 overtime hours each day towards calculating the

11  amount in controversy.  The court may not base its jurisdiction on

12  speculation and conjecture.  <u>Lowdermilk v US Bank Nat'l Assn</u>, 479

13  F3d 994, 1002 (9th Cir 2007).

14    To support their estimate of the amount in controversy,

15  defendants offer the declaration of Ms Hukill, the director of HR

16  compliance for Brinker International Payroll Company, LP.  Ms Hukill

17  offers general information about the starting salary of a manager at

18  Chili's restaurants, and the schedules of those managers as a

19  general matter, based on her firsthand knowledge in her professional

20  capacity and her review of business records.  Doc #21 at 13-14.

21  Because Ms Hukill offers general information based on her

22  familiarity with Chili's restaurant employees, plaintiffs'

23  objections based on lack of foundation and personal knowledge and

24  irrelevance are overruled; rather, the limited scope of Ms Hukill's

25  statements will go to the weight of her testimony.  The court notes

26  that Ms Hukill indicates that she reviewed Messrs Smith and Whelan's

27  new hire data sheets from the Brinker corporate office recruiting

28  department files and considers that defendants have access to and/or

1   control over plaintiffs' time sheets or employment records to
2   establish the number of hours that each plaintiff worked during each
3   pay period.   Yet defendants have foregone the opportunity to offer
4   reliable information about plaintiffs' employment records to meet
5   their burden to establish the amount in controversy.

6        Defendants have failed to provide any evidence relating to
7   either plaintiff's actual earnings or number of hours worked, asking
8   the court to assume that each plaintiff worked an additional 2.5
9   hours each day in order to reach the amount in controversy
10   threshold.   Nor do defendants offer settlement letters reflecting a
11   reasonable estimate of plaintiffs' claim.   Cf <u>Cohn v Petsmart, Inc</u>,
12   281 F3d 837, 840 (9th Cir 2002).   Defendants suggest that plaintiffs
13   have not submitted evidence to dispute defendants' estimates, but
14   plaintiffs do not bear the burden to demonstrate the amount in
15   controversy.   See <u>Abrego</u>, 443 F3d at 683 (rejecting argument that
16   Class Action Fairness Act of 2005 shifted burden to plaintiffs
17   seeking remand to refute existence of jurisdiction).

18        Defendants point out that where an underlying statute
19   authorizes attorney fees pursuant to mandatory or discretionary
20   language, such fees may be included in the calculation of the
21   jurisdictional amount.   Doc #1 at 9.   If defendants were able to
22   demonstrate by a preponderance of the evidence what amount of fees
23   would be in controversy, the court would be permitted to consider
24   the fees toward calculating the amount in controversy.   See <u>Galt G/S</u>
25   <u>v JSS Scandinavia</u>, 142 F3d 1150, 1156 (9th Cir 1998) (including
26   claimed attorney fees to reach amount in controversy).   In <u>Galt</u>, the
27   claimant sought diversity jurisdiction over its $13,500 equitable
28   indemnity claim against a third party following settlement of an

1   action for cargo damage.  The claimant demonstrated that it had

2   spent $44,266.65 in attorney fees defending against the claim for

3   damages in the principal action.  The court aggregated the claimed

4   amount of attorney fees with the amount sought on the equitable

5   indemnity claim to reach the then-required $50,000 amount in

6   controversy.  142 F3d at 1155.

7         Defendants, however, have not met their burden to

8   demonstrate the amount of attorney fees that would be placed in

9   controversy here.  Defendants do not offer any estimate or

10  calculation of fees which plaintiffs may seek, and the court

11  declines to speculate as to the amount of fees.

12        Because defendants' calculation of damages for alleged

13  overtime and missed meal and rest periods is speculative and based

14  on conjecture, the court limits the calculation of the amount in

15  controversy to the reasonably certain amount of statutory penalties

16  that could be claimed.  As a matter of convenience, the court uses

17  the statutory penalties calculated by defendants in Tables 1 and 2

18  above, recognizing that the waiting time penalty was based on an

19  assumption of 2.5 overtime hours per day.  The court also

20  acknowledges plaintiffs' objection to defendants' inflated PAGA

21  penalties without regard to the one year statute of limitations.

22  Again, solely for convenience, the court refers to defendants'

23  calculation to determine whether the amount in controversy has been

24  met without the speculative estimates of compensation claimed for

25  overtime, meal and rest periods.

26        As calculated in Tables 3 and 4, below, the statutory

27  penalties for plaintiff Smith estimated by defendants total

28  $25,724.10; for plaintiff Whelan, the estimated penalties total

$42,224.10.  Because the amount in controversy for each plaintiff on the present record does not reach the jurisdictional threshold of $75,000, remand is appropriate and the motion to dismiss, therefore, is moot.  The court recognizes that should subsequent developments in superior court establish an amount in controversy exceeding $75,000, defendants may once again seek removal.  That, however, will come - if at all - on another day.

**Table 3: Estimated Statutory Damages for Smith**

| Smith Statutory Damages | Calculation | Amount |
|---|---|---|
| 1st COA: PAGA penalties | 25% of [($100 for pay period #1) + ($200 X 42 (periods #2 - #43))] | $2,125.00 |
| 2d COA: PAGA penalties | 25% of [($100 for pay period #1) + ($200 X 42 (periods #2 - #43))] | $2,125.00 |
| 3d COA: PAGA penalties | 25% of [($100 for pay period #1) + ($200 X 42 (periods #2 - #43))] | $2,125.00 |
| 4th COA: PAGA penalties | 25% of [($100 for pay period #1) + ($200 X 42 (periods #2 - #43))] | $2,125.00 |
| 5th COA: statutory waiting time penalties [assuming 2.5 hrs overtime] | 30 days X [($24.04 X 8 hrs/day) + ($36.06 X 2.5 hrs/day overtime) | $8,474.10 |
| 5th COA: PAGA penalties | withdrawn (doc # 21 at 8 n2) | $0.00 |
| 6th COA: statutory penalties for failure to provide itemized wage statements | ($50 for pay period #1) + ($100 X 42 (periods #2-#43))<br><br>[maximum statutory penalty: $4000] | $4,000.00 |
| 6th COA: PAGA penalties | 25% of [($100 for pay period #1) + ($200 X 42 (periods #2 - #43))] | $2,125.00 |
| 7th COA: statutory penalties for failure to keep complete payroll records | Civil penalty: $500 | $500.00 |
| 7th COA: PAGA penalties | 25% of [($100 for pay period #1) + ($200 X 42 (periods #2 - #43))] | $2,125.00 |
| TOTAL (Smith) | | $25,724.10 |

**Table 4: Estimated Statutory Damages for Whelan**

| Whelan Statutory Damages | Calculation | Amount |
|---|---|---|
| 1st COA: PAGA penalties | 25% of [($100 for pay period #1) + ($200 X 97 (periods #2 - #98))] | $4,875.00 |
| 2d COA: PAGA penalties | 25% of [($100 for pay period #1) + ($200 X 97 (periods #2 - #98))] | $4,875.00 |
| 3d COA: PAGA penalties | 25% of [($100 for pay period #1) + ($200 X 97 (periods #2 - #98))] | $4,875.00 |
| 4th COA: PAGA penalties | 25% of [($100 for pay period #1) + ($200 X 97 (periods #2 - #98))] | $4,875.00 |
| 5th COA: statutory waiting time penalties [assuming 2.5 hrs overtime] | 30 days X [($24.04 X 8 hrs/day) + ($36.06 X 2.5 hrs/day overtime) | $8,474.10 |
| 5th COA: PAGA penalties | withdrawn (doc # 21 at 8 n2) | $0.00 |
| 6th COA: statutory penalties for failure to provide itemized wage statements | ($50 for pay period #1) + ($100 X 97 (periods #2-#98)) [maximum statutory penalty: $4000] | $4,000.00 |
| 6th COA: PAGA penalties | 25% of [($100 for pay period #1) + ($200 X 97 (periods #2 - #98))] | $4,875.00 |
| 7th COA: statutory penalties for failure to keep complete payroll records | Civil penalty: $500 | $500.00 |
| 7th COA: PAGA penalties | 25% of [($100 for pay period #1) + ($200 X 97 (periods #2 - #98))] | $4,875.00 |
| TOTAL (Whelan) | | $42,224.10 |

12

1                                              IV

2              For the foregoing reasons, the court GRANTS plaintiffs'

3    motion to remand and REMANDS the action to Contra Costa superior

4    court.   The clerk is directed to terminate all motions and close the

5    file.

6              IT IS SO ORDERED.

7

8    _____

9    VAUGHN R WALKER
     United States District Chief Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          13